**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Edwin Cortes,<br><br>　　　　　　　　Plaintiff,<br><br>v.<br><br>City of Phoenix, et al.,<br><br>　　　　　　　　Defendants. | No. CV-13-01403-PHX-DGC<br><br>**ORDER** |

On July 12, 2013, Plaintiff Edwin Cortes filed a complaint against Defendants City of Phoenix and Karen Joan Smith. Doc. 1 at 1. Plaintiff also filed an application to proceed in forma pauperis ("IFP"). Doc. 3. The Court has the obligation to screen Plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2). Because Plaintiff's complaint fails to state a claim for which relief can be granted, the Court will dismiss the complaint *sua sponte* and grant leave to amend. All pending motions will be denied as moot.

**I.     Legal Standard.**

In IFP proceedings, a district court "shall dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief can be granted[.]" 28 U.S.C. § 1915(e)(2). While much of § 1915 concerns prisoner litigation, § 1915(e) applies to all IFP proceedings. *Lopez v. Smith*, 203 F.3d 1122, 1126 n.7 (9th Cir. 2000) (en banc). "Section 1915(e)(2)(B)(ii) . . . allows a district court to dismiss[] sua sponte . . . a complaint that fails to state a claim[.]" *Id.* at 1130. "It is also clear that section 1915(e) not only permits but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim." *Id.* at 1127. A district court dismissing under

§ 1915(e)(2)(B)(ii) "should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Id.* at 1127-29 (citations omitted).

Rule 8 of the Federal Rules of Civil Procedure provides that "[a] pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). This short and plain statement "need not contain detailed factual allegations; rather, it must plead 'enough facts to state a claim to relief that is plausible on its face.'" *Clemens v. DaimlerChrysler Corp.*, 534 F.3d 1017, 1022 (9th Cir. 2008) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("The plausibility standard . . . asks for more than a sheer possibility that a defendant has acted unlawfully"). When analyzing a complaint for failure to state a claim, "[a]ll allegations of material fact are taken as true." *Smith v. Jackson*, 84 F.3d 1213, 1217 (9th Cir. 1996). Legal conclusions couched as factual allegations are not given a presumption of truthfulness, and "conclusory allegations of law and unwarranted inferences are not sufficient." *Pareto v. F.D.I.C.*, 139 F.3d 696, 699 (9th Cir. 1998). Dismissal is appropriate where the complaint lacks a cognizable legal theory, lacks sufficient facts alleged under a cognizable legal theory, or contains allegations disclosing some absolute defense or bar to recovery. *See Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1988); *Weisbuch v. County of L.A.*, 119 F.3d 778, 783, n.1 (9th Cir. 1997).

**II.   Plaintiff's Complaint.**

Plaintiff's complaint appears to allege violations of 18 U.S.C. § 249 (offenses involving actual or perceived . . . disability); 42 U.S.C. § 14141; (pattern or practice of deprivation of rights by or on behalf of a governmental authority); 18 U.S.C. § 241 (conspiracy against rights); 18 U.S.C. § 242 (deprivation of rights under color of law); and 42 U.S.C. § 3631 (interference with right to fair housing). Doc. 1 at 6, 12-14.

Plaintiff's claims appear to stem from a series of occurrences at Pine Towers, an apartment home for the elderly and disabled, where Plaintiff resides. Plaintiff alleges that

he suffers from a number of disabilities, including hydrocephalus, hemi trophy, fragile x syndrome, diabetes, and heart disease. *Id.* at 6. He generally alleges that named Defendant Karen Joan Smith and a number of other individuals who are not named in the caption of the complaint discriminated against him by trying to evict him through "lies" and "coercion" and by making fun of his height, the way he walks, and the size of his head. *Id.*

Construed liberally, Plaintiff's complaint fails to state a claim under any of the cited statutory provisions. Plaintiff identifies the individuals he alleges violated particular statutory provisions by listing their names under or alongside copies of the relevant statutes, and he includes the City of Phoenix as respondeat superior for the alleged actions of its employees under 42 U.S.C. §14141 and 18 U.S.C. § 242. *Id.* at 12-14. But Plaintiff does not set forth any facts from which the Court can discern the identity or role of each of these individuals vis-à-vis Plaintiff or their relationship to the City of Phoenix. More fundamentally, the complaint fails to provide any facts showing how and under what circumstances Plaintiff's rights were violated.

Plaintiff attaches a number of documents to his complaint, including police reports responding to his and another resident's alleged violations of each other's orders of protection, Plaintiff's handwritten responses to these reports, and a letter from Plaintiff addressed only to "Margaret M. Skiffer" making various complaints about the actions of personnel and tenants at the Pine Tower Residence. Doc. 1 at 16-34. These documents provide some factual context for Plaintiff's complaint, but much of their content is either irrelevant to Plaintiff's specific claims or is vague and conclusory, leaving the Court and Defendants to fill in the gaps and guess which facts are intended to support which claims. Absent sufficient facts that "plausibly give rise to an entitlement to relief" (*Iqbal*, 566 U.S. at 664), Plaintiff's complaint fails to state a claim for which relief can be granted.

**III.     Leave to Amend and Plaintiff's Obligations.**

In this circuit, "[a] pro se litigant must be given leave to amend his or her complaint unless it is absolutely clear that the deficiencies of the complaint could not be

1  cured by amendment." *Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 623 (9th Cir.
2  1988) (citing *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987)); *see also Lopez*, 203
3  F.3d at 1127-29 (§ 1915(e)(2)(B)(ii)'s mandated dismissal of an IFP complaint allows a
4  district court to grant leave to amend); *Waters v. Young*, 100 F.3d 1437, 1441 (9th Cir.
5  1996) ("As a general matter, this court has long sought to ensure that pro se litigants do
6  not unwittingly fall victim to procedural requirements that they may, with some
7  assistance from the court, be able to satisfy."). The Court will dismiss the complaint
8  without prejudice and allow Plaintiff to file an amended complaint, consistent with this
9  order, that properly states a claim for relief. Plaintiff may file an amended complaint on
10 or before **Friday, August 23, 2013**.

Plaintiff is advised that he must become familiar with, and follow, the Federal Rules of Civil Procedure and the Rules of the United States District Court for the District of Arizona ("Local Rules"), which may be obtained in the Clerk of Court's office. For purposes of the amended complaint, Plaintiff is directed to Rule 8 of the Federal Rules of Civil Procedure. Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for the relief sought." Fed. R. Civ. P. 8(a). These pleading requirements shall be set forth in separate and discrete paragraphs and must be contained within the body of the complaint, not in separate attachments. Rule 8(d) provides that each such paragraph "must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1).

The "short and plain statement of the claim" required by Rule 8(a)(2) must not only designate a cause of action, but must also include enough factual allegations to render the claim plausible. *Iqbal*, 129 S. Ct. at 1950 ("But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not "show[n]" – "that the pleader is entitled to relief.") (citing Fed. R. Civ. P. 8(a)(2)). Each claim should include a statement of the rights Plaintiff believes to have been violated, how each right was violated, how each

- 4 -

Defendant contributed to the violation, and what injury was caused by each alleged violation. Such factual allegations must provide enough information to "allow[] the court to draw the reasonable inference that the defendant[s are] liable for the misconduct alleged." *Iqbal*, 556 at 663.

If Plaintiff chooses to file an amended complaint against multiple individual defendants, he is advised that he must name each Defendant in the caption of the complaint. If Plaintiff merely intends to name the City of Phoenix for the actions of its employees, he must allege facts showing which individuals were employed by the City of Phoenix, how their alleged violations constituted government action, and why the City is liable.

If Plaintiff fails to prosecute this action or to comply with the rules or any Court order, the Court may dismiss the action with prejudice pursuant to Federal Rule of Civil Procedure 41(b). *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir.1992) (holding that the district court did not abuse its discretion in dismissing a pro se plaintiff's complaint for failing to comply with a court order).

**IT IS ORDERED:**

1. Plaintiff's complaint (Doc. 1) is **dismissed** without prejudice.
2. Plaintiff's application for IFP status (Doc. 3) is **granted**.
3. All pending motions are **denied as moot**.
4. Plaintiff may file an amended complaint, consistent with this order, on or before **August 23, 2013.**
5. The Clerk of Court shall **terminate** this action without further order of Court if Plaintiff fails to file an amended complaint by **August 23, 2013**.

Dated this 24th day of July, 2013.

_____
David G. Campbell
United States District Judge