**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Edwin Cortes,<br><br>            Plaintiff,<br><br>v.<br><br>City of Phoenix, et al.,<br><br>            Defendants. | No. CV-13-01403-PHX-DGC<br><br>**ORDER** |

On July 12, 2013, Plaintiff Edwin Cortes filed a complaint against Defendants City of Phoenix and Karen Joan Smith. Doc. 1 at 1. Plaintiff also filed an application to proceed in forma pauperis ("IFP"). Doc. 3. The Court screened the complaint, dismissed it for failure to state a claim, and gave Plaintiff until August 23, 2013 to file an amended complaint. Doc. 9. Plaintiff filed, and the Court granted, two motions for extension of this deadline. Docs. 11, 13. In the last extension, the Court cautioned Plaintiff that further extensions would not be granted. Doc. 13. Plaintiff filed an amended complaint on October 23, 2013. Doc. 14.

**I.      Legal Standard.**

In IFP proceedings, a district court "shall dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief can be granted[.]" 28 U.S.C. § 1915(e)(2). While much of § 1915 concerns prisoner litigation, § 1915(e) applies to all IFP proceedings. *Lopez v. Smith*, 203 F.3d 1122, 1126 n.7 (9th Cir. 2000) (en banc). "Section 1915(e)(2)(B)(ii) . . . allows a district court to dismiss[] sua sponte . . . a complaint that fails to state a claim[.]" *Id.* at 1130. "It is also clear that section

1915(e) not only permits but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim." *Id.* at 1127. A district court dismissing under § 1915(e)(2)(B)(ii) "should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Id.* at 1127-29 (citations omitted).

Rule 8 of the Federal Rules of Civil Procedure provides that "[a] pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). This short and plain statement "need not contain detailed factual allegations; rather, it must plead 'enough facts to state a claim to relief that is plausible on its face.'" *Clemens v. DaimlerChrysler Corp.*, 534 F.3d 1017, 1022 (9th Cir. 2008) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("The plausibility standard . . . asks for more than a sheer possibility that a defendant has acted unlawfully"). When analyzing a complaint for failure to state a claim, "[a]ll allegations of material fact are taken as true." *Smith v. Jackson*, 84 F.3d 1213, 1217 (9th Cir. 1996). Legal conclusions couched as factual allegations are not given a presumption of truthfulness, and "conclusory allegations of law and unwarranted inferences are not sufficient." *Pareto v. F.D.I.C.*, 139 F.3d 696, 699 (9th Cir. 1998). Dismissal is appropriate where the complaint lacks a cognizable legal theory, lacks sufficient facts alleged under a cognizable legal theory, or contains allegations disclosing some absolute defense or bar to recovery. *See Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1988); *Weisbuch v. County of L.A.*, 119 F.3d 778, 783, n.1 (9th Cir. 1997).

**II.   Plaintiff's Amended Complaint.**

Plaintiff's amended complaint contains no clear allegations of wrongdoing. It begins by identifying six judges from this Court who apparently have ruled on Plaintiff's previous filings, suggests their rulings are fraudulent, and requests a trial against the City of Phoenix for "abuse." Doc. 14 at 1. The complaint suggests wrongs for excessive force, false reporting, and "an illegal search and seizure inside my castle," but provides

no factual explanation of these alleged wrongs. *Id.* The amended complaint proceeds with random pages concerning emergency motions, appeals, and service of process. In a portion titled "Statement of Claim," Plaintiff discusses appeal bonds. Various state statutes are cited or quoted, and Arizona Superior Court Judges Gerlach and Davis are identified as having deprived Plaintiff his rights.

The amended complaint fails to state a claim and fails to address deficiencies identified in this Court's prior order, despite Plaintiff's being afforded three months to craft an amended complaint. The Court will dismiss the amended complaint for failure to state a claim.

### III. Leave to Amend.

As noted in the Court's prior order of dismissal, "[a] pro se litigant must be given leave to amend his or her complaint unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988) (citing *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987)); *see also Lopez*, 203 F.3d at 1127-29 (§ 1915(e)(2)(B)(ii)'s mandated dismissal of an IFP complaint allows a district court to grant leave to amend); *Waters v. Young*, 100 F.3d 1437, 1441 (9th Cir. 1996) ("As a general matter, this court has long sought to ensure that pro se litigants do not unwittingly fall victim to procedural requirements that they may, with some assistance from the court, be able to satisfy.").

Plaintiff has filed other cases in this Court, including CV-11-01711-ROS-JRI, CV-12-00688-FJM, CV-12-01117-GMS, and CV-12-01321-SLG. Plaintiff made allegations of wrongdoing in many of them similar to allegations in his amended complaint. Each of these cases was dismissed when Plaintiff failed to state a claim, initially or by amendment. Given this history, the Court finds it absolutely clear that further attempts at amendment in this case will be futile and will only consume time and resources needed by other cases. As a result, the Court will not grant Plaintiff leave to amend.

**IT IS ORDERED:**

1. The amended complaint (Doc. 14) is **dismissed** without leave to amend.

- 3 -

2. Plaintiff's motion for an extension of time (Doc. 15) is **denied**.

3. The Clerk of Court shall **terminate** this action.

Dated this 4th day of November, 2013.

*David G. Campbell*
United States District Judge